IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-36,989-02






EX PARTE EDDIE LEON NELSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


CAUSE NO. 17,015-C IN THE 278TH DISTRICT COURT

FROM WALKER COUNTY



 

 Per curiam.


 O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of the offense of
possession of a deadly weapon in a penal institution, and punishment was assessed at fifteen (15)
years' confinement. No direct appeal was taken.

 Applicant contends that his plea of guilty was involuntary because defense counsel and the
trial court advised him that he would receive a sentence of not more than ten years if he pleaded
guilty. Finding that Applicant alleged facts that, if true, might entitle him to relief, we remanded this
application for resolution of this issue.

 Following remand, the trial court entered findings that prior to entering his plea Applicant
was advised that the range of punishment was not more than ten years or less than two years. The
court found that based on the customary practice of the county in the early 1990's, the plea agreement
would not have been written down. Relying largely on the written admonishments and the dearth
of direct information contradicting them, the court further found that it was impossible to determine
the exact recommended sentence but that the preponderance of the evidence indicated that the plea
bargain was for a term of years not to exceed ten. However, this finding was based in part on the
trial court's mistaken determination at the evidentiary hearing that the State was barred by the rules
of civil procedure from arguing laches because laches had not been affirmatively pled in advance of
the hearing.

 Additional facts need to be developed. As we held in Ex parte Rodriguez, 334 S.W.2d 294,
294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The court
shall collect additional evidence concerning the customary practice of the county in the early 1990's. 
Specifically, the court shall obtain a statement from the judge who presided over the trial
proceedings in this case, discussing whether it was customary for the plea papers to reflect the degree
of the primary offense charged without reference to enhancements, with the enhancements being
addressed orally in open court. The parties shall be given an opportunity to discuss the application
of laches to this case and the State shall produce the letter from defense counsel that is discussed in
the prosecutor's affidavit. The trial court may resolve the issues as set out in Tex. Code Crim.
Proc. art. 11.07, § 3 (d). 

 Following receipt of additional information, the trial court shall make findings of fact and
conclusions of law as to whether Applicant has proven by a preponderance of the evidence that his
plea of guilty was involuntary. The court shall make any further findings of fact and conclusions of
law it deems relevant and appropriate to the disposition of the application for writ of habeas corpus.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with any supplemental findings of fact and conclusions of law, shall be returned
to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from
this Court. 




Filed: May 2, 2007

Do not publish